CITY OF MINOT, Plaintiff and Respondent,

v.

Clyde B. SPENCE, Defendant and Appellant.

No. 8079.

Supreme Court of North Dakota.

Oct. 9, 1963.

Joseph P. Stevens, Minot, for defendant and appellant.

E. J. Bosch, Minot, for plaintiff and respondent.

TEIGEN, Judge.

The defendant was found guilty in the police magistrate's court of the City of

Minot of violating a city ordinance in that he operated a motor vehicle upon the streets of the City of Minot while under the influence of intoxicating liquor. He appealed from the judgment of the police magistrate to the district court of Ward County. The case was tried in the district court without a jury. The defendant was found guilty. Judgment of conviction was entered and defendant has appealed to this court from said judgment. No motion for a new trial was made and no specifications of error were served. Assignments of error were set forth in the brief of the defendant as follows:

"I. The charge laid against the defendant was for operating a motor vehicle on the streets of the city of Minot while being under the influence of intoxicating liquor. The arrest and basis of the charge was for driving after the defendant had been warned by the officer to leave the vehicle alone.

"II. There is no ordinance or statute prohibiting the acts of the defendant for which the arrest prosecution was had.

"III. The evidence taken as a whole is more consistent with innocence than with guilt of the defendant of the offense charged."

In his argument defendant makes two principal contentions. First, the real reason for defendant's arrest and prosecution was because he had operated his automobile after he had been warned by a Minot police officer not to operate the same, which is not an offense under the city ordinance. Second, the evidence is insufficient to sustain the conviction.

Two police officers of the City of Minot made the arrest. The police officer who had detained the defendant immediately before his arrest testified that he informed the defendant when he was taken into custody that he was arrested for the crime of driving a motor vehicle while under the influence of intoxicating liquor. The complaint before the police magistrate's court specifies the ordinance on which the defendant was charged by number and also describes the offense. It specifically described the offense as operating a motor vehicle upon the streets of the City of Minot while being under the influence of liquor. The defendant testified on his own behalf in the district court and although he admits he spoke with one of the officers earlier in the evening, he denies he was told not to drive his automobile any more that night but that the officer did suggest he lock it. Defendant assumed the reason for this recommendation was that automobiles had been stolen in the area. He was arrested later when he again drove his automobile. Nowhere in his testimony does the defendant indicate he was told or that he understood that he was arrested for driving an automobile when he was told by the officer not to drive.

The defendant has selected a part of the testimony elicited on cross-examination of the officer who cautioned the defendant earlier in the evening upon which to base his argument. He testified that the actual offense "would be the driving after I had warned him to leave the vehicle alone." However, it is clear from the record that the defendant was arrested and prosecuted in the police magistrate's court and on appeal in the district court for the offense of operating a motor vehicle upon the streets of the City of Minot while under the influence of intoxicating liquor in violation of city ordinance.

▪ The defendant challenges the sufficiency of the evidence to sustain the judgment of conviction. The case was tried to the court without a jury. It became the exclusive province of the trial court to judge the facts. The credibility of witnesses and the weight to be given to their testimony are also matters for determination by the trial court where a jury is waived. The court was substituted for the jury as a finder of the facts and such findings have the force of a jury verdict. 24A C.J.S. Criminal Law, § 1880c.; and 5 Am.Jur.2d, Appeal and Error, Sec. 839.

■ The defendant has demanded a trial de novo. We have no provision in our criminal appeal statutes comparable to Section 28–27–32, N.D.C.C., which governs appeals in civil actions tried to the court without a jury. The power of the Supreme Court on appeal from an order or judgment in a criminal matter is governed by Chapter 29–28, N.D.C.C. This chapter limits the power of the Supreme Court to a review of the proceedings in the lower court. It does not provide for trial anew.

The evidence, when viewed from the standpoint most favorable to the judgment of conviction, shows that the defendant had driven his vehicle upon the streets of the City of Minot from the Super Grill to the North Hill Bowl, a distance of several blocks and that at the time he was under the influence of intoxicating liquor. Three police officers testified. Their testimony establishes the defendant drove his automobile and parked it near the North Hill Bowl where he was placed under arrest and taken to the police station to be booked. They testified that the defendant was unsteady on his feet, his face was flushed, his eyes were bloodshot, his speech was slurred and he smelled of alcohol, and that the defendant said he had consumed from eight to ten drinks of whisky from about 3:00 p. m. to midnight. The arrest was made at 2:30 a. m. the following morning. The police officers were permitted to testify, without objection, that in their opinion the defendant was under the influence of intoxicating liquor. The defendant also testified and denied that he was under the influence of intoxicating liquor, but admitted he drove his motor vehicle from the Super Grill to the North Hill Bowl where he was arrested.

■■ These facts, together with other corroborating circumstances, are sufficient to sustain the judgment of conviction. It was the province of the trial court to determine the facts. The trial court's finding will not be disturbed on appeal. The credibility of witnesses and the weight to be given to their testimony are matters for the trial court. Its findings have the force and effect of a jury verdict and are governed by the same principles on review. They are conclusive when supported by substantial competent evidence and are binding on the appellate court on disputed questions. State v. Larson, N.D., 61 N.W.2d 274.

■ Some evidence was introduced to show that the defendant had driven on a previous occasion the same night when he was warned by one of the police officers not to drive again because, in the opinion of the officer, he was then under the influence of intoxicating liquor. The defendant argues that this evidence was not competent and that without it, the evidence was insufficient to sustain the judgment of conviction. We do not agree with the defendant's argument that the evidence was not sufficient without the challenged evidence. However, it is clear from the record that the court did not consider the evidence of the previous driving when the court stated: "He wasn't arrested, and anything that transpired from that point to the time the arrest was made is what the conviction was based on." For this reason we do not consider this challenge.

The evidence being sufficient to justify the verdict, the judgment is affirmed.

MORRIS, C. J., and BURKE, ERICKSTAD and STRUTZ, JJ., concur.