**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Harry Merle COX, Jr., Defendant and Appellant.**

**Cr. No. 837.**

Supreme Court of North Dakota.

Oct. 20, 1982.

Rolf P. Sletten, Asst. State's Atty., Bismarck, for plaintiff and appellee State of N.D.

Ralph A. Vinje and Ken R. Sorenson, of Vinje Law Firm, Bismarck, for defendant and appellant; argued by Ken R. Sorenson.

VANDE WALLE, Justice.

In a trial to the court, Harry Merle Cox, Jr., was convicted of theft of property in violation of Section 12.1–23–02, N.D.C.C. Cox appeals from the conviction and alleges two points of error. We affirm the judgment of the district court.

Sometime in October 1981, a transaction took place between Cox and Joe Wetch in which a 1974 Ranchero and the title thereto was delivered by Cox to Wetch, and a 1970 Duster and title thereto was transferred from Wetch to Cox. A short time later, Wetch sold the Ranchero to Jim Mitchussen. On December 1, 1981, Mitchussen reported to the Bismarck police that his car—the Ranchero—had been stolen from his residence sometime during the previous night. In time, the car was recovered from Cox, who admitted taking it from Mitchussen's residence. Cox was then charged with theft of property.

At the trial, a dispute arose as to the nature of the October transaction between Cox and Wetch. Wetch claimed that he traded the Duster for the Ranchero, whereas Cox claimed that Wetch only lent him the Duster while the Ranchero was being repaired.[1]

Cox sets forth two main issues on appeal:

(1) Did the trial court err in limiting defense counsel's cross-examination of Wetch; and

(2) Was there sufficient evidence for the trial court to find that Cox committed the crime of theft of property?

In the course of cross-examination, Wetch testified that he was not a licensed automobile dealer, but rather a used-auto-parts dealer. This led to further questioning by defense counsel on the subject of Wetch's compliance with the statutory requirements for transferring title to a motor vehicle. The State objected to the line of questioning, at which point the trial judge asked defense counsel if Wetch had violated any law, but at the same time he informed defense counsel that he was not interested in going into the details of the matter. Defense counsel answered, in essence, that possibly Wetch was guilty of violating the law. The trial judge then sustained the State's objection on the ground of irrelevancy.

The scope of cross-examination in a criminal case is within the sound discretion of the trial court, and a ruling by the trial court limiting the scope of cross-examination will not be disturbed on appeal absent an abuse of discretion. *State v. Rindy,* 299 N.W.2d 783 (N.D.1980); N.D.R.Ev. 611(b). A trial court's limiting of cross-examination to matters which are relevant to the issues being tried is a clearly valid exercise of its discretionary power. N.D.R.Ev. 402, 401 Explanatory Note.

Whether or not Wetch violated the law certainly is not relevant to the issue of whether or not Cox committed the crime of theft of property; however, it may be relevant in determining Wetch's truthfulness and credibility.

Keeping in mind that the trial judge was the fact-finder in the present case, and that he therefore was the one who would determine the credibility of witnesses, we note from the record of the trial that defense counsel was not completely foreclosed from questioning Wetch regarding his legal authority to sell cars and regarding his compliance with the statutory requirements for transferring titles. The record shows that the court permitted defense counsel (1) to

---

1. Cox does not dispute, however, that he gave the title to the Ranchero to Wetch and received the title to the Duster from Wetch. The title to the Duster had been "signed off" so that Cox merely had to sign the title to have it in his name. The title to the Ranchero, on the other hand, had no remaining blanks to make a transfer so that it could not be signed off.

Wetch testified that he had obtained a new title to the Ranchero from the Motor Vehicle Department and that Cox had promised to sign it off. Cox never did sign off the title to the Ranchero, and consequently the title remained in his name. But Cox did sign the title to the Duster, and consequently title to that car was transferred to his name.

show that Wetch was not a licensed automobile dealer and (2) to ask Wetch whether or not he intended to transfer title for the Ranchero to Mitchussen within 15 days of the sale as is required by Section 39–05–17.-1, N.D.C.C.

The trial court, as the fact-finder in this case and as the ultimate judge of the credibility of witnesses, clearly indicated to defense counsel that he did not need to know if Wetch had complied with the requirements of the law for the sale of a car or for the transfer of title in order to determine whether or not Cox had committed the crime of theft of property. In deciding the issue of guilt, the trial court specially found that the October transaction between Wetch and Cox was a trade of automobiles rather than a loan of a vehicle. This finding was not based on a simple belief that Wetch was telling the truth about the transaction and Cox was not; it was based, as the trial judge plainly stated, on the uncontroverted facts of the case, namely, (1) that Wetch gave Cox title to the Duster and (2) that Cox gave Wetch title to the Ranchero. These facts, the court concluded, are inconsistent with the characterization of the October transaction between Wetch and Cox as a loan by Wetch of the Duster to Cox.

Under these circumstances—where the area of cross-examination that is limited relates to the credibility of a witness; where cross-examination in the area was not completely foreclosed; and where the trial judge is the one who judges the credibility of the witness—we conclude that the trial court did not abuse its discretion in restricting defense counsel's cross-examination of Wetch.

■ We now turn to the issue of whether or not the evidence was sufficient to sustain Cox's conviction. In order to show that the crime of theft of property was committed, Section 12.1–23–02, N.D.C.C., requires the State to prove that the defendant knowingly took or exercised "unauthorized control over the property of another with intent to deprive the owner thereof." Cox argues that the evidence was insufficient to war-

rant a conviction for theft of property because there was a failure of proof that he took or exercised unauthorized control over the property of another. Cox seems to believe that because title to the Ranchero was in his name at the time he took the car from Mitchussen's residence, it cannot be said that he took the property of another. His belief, however, is mistaken. Section 12.1–23–10, N.D.C.C., states in relevant part:

> "7. 'Property of another' means property in which a person other than the actor ... has an interest which the actor is not privileged to infringe without consent, *regardless of the fact* that the actor also has an interest in the property ... 'Owner' means any person ... with an interest in property such that it is 'property of another' as far as the actor is concerned." [Emphasis added.]

Clearly, the fact that one person has title to property does not preclude the property from being property of another person within the meaning of Section 12.1–23–10(7), N.D.C.C.

■ The trial judge heard two versions of the transaction between Cox and Wetch, and concluded that the transaction constituted a trade of automobiles wherein Cox became the owner of the Duster and Wetch became the owner of the Ranchero. This conclusion is supported not only by the previously noted uncontroverted facts regarding the exchange of titles between Cox and Wetch, but also by Cox's own admissions that he received the Duster from Wetch, that he received title to the Duster from Wetch, and that he transferred title to the Duster to his name. Furthermore, Cox testified that the nature of the transaction was such that Wetch was to receive absolutely nothing in return for delivering the Duster and title thereto to Cox. Finally, the trial judge heard Mitchussen testify that he purchased the Ranchero from Wetch for $750. There was substantial evidence from which the trial court could find that Cox took the property of another.

In determining the sufficiency of evidence to sustain a conviction, we will not weigh conflicting evidence nor judge the credibility of witnesses. Upon review, we will look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to determine if there is substantial evidence to support the conviction. *State v. Olson,* 290 N.W.2d 664 (N.D. 1980). Our review of the record leads us to conclude that there was sufficient evidence to sustain the verdict.

We find no merit in either point of alleged error and we therefore affirm the judgment of the district court.

ERICKSTAD, C.J., and PEDERSON, PAULSON and SAND, JJ., concur.