STATE of North Dakota, Plaintiff and Appellee,

v.

Curtis ENGEBRETSON, Defendant and Appellant.

Cr. No. 867.

Supreme Court of North Dakota.

Nov. 17, 1982.

David Garcia, of Garcia & Garcia, Devils Lake, for defendant and appellant.

PAULSON, Justice.

Curtis Engebretson appeals from a judgment of conviction entered against him by the Benson County Court with Increased Jurisdiction on June 1, 1982, finding him guilty of driving while under the influence of intoxicating liquor. We affirm.

On April 11, 1982, at approximately 4:30 a.m., Benson County Deputy Sheriff Brian Gunderson observed Engebretson operating a motor vehicle while traveling 13 miles west of Minnewaukan, North Dakota, on Highway No. 19. Gunderson testified that he followed Engebretson traveling east on the highway for approximately three miles. During this time Gunderson observed Engebretson's vehicle cross the highway center line twice and touch the shoulder of the road once. Gunderson directed the vehicle to pull over and when he approached it, Engebretson rolled down his car window. Gunderson noticed a "medium" odor of alcohol. The deputy testified that Engebretson had no difficulty producing his driver's license, speaking, or stepping out of his vehicle. Instead of administering physical field sobriety tests to Engebretson, the deputy called a highway patrolman who was in the immediate vicinity to give the defendant an "alcohol alert screening test". After administering the test, the patrolman informed Gunderson that Engebretson had blown one "warning" and three "fails" into the machine. Gunderson then placed Engebretson under arrest for driving while under the influence of intoxicating liquor and transported him to the sheriff's office in Minnewaukan. According to Gunderson, the defendant was "a little mouthy" during the trip to Minnewaukan.

The defendant was administered physical sobriety tests at the sheriff's office in Minnewaukan. Gunderson testified that Engebretson was "a little swayed" on the heel-to-toe test; that he performed "all right" on the leg-balance test; that he "missed with one finger" on the finger-to-nose test; and that he missed some letters in his recitation of the alphabet. He also testified that Engebretson's pupils were contracted and his eyes were "a little red". A breathalyzer test was also conducted which established a breathalyzer reading of 0.07 percent of alcohol in Engebretson's blood. Engebretson was subsequently charged with driving while under the influence of intoxicating liquor in violation of North Dakota Century Code § 39–08–01.[1] He entered a plea of not guilty and was tried before the court without a jury.

During the trial, Engebretson's attorney elicited testimony to the effect that the defendant, before being stopped by the deputy sheriff, obeyed all traffic laws except crossing the center line; and that he was not a typical impaired driver because his clothes were neat, he was able to control his car, produce his wallet and driver's license, and walk to the patrol car without swaying

---

1. Section 39–08–01(1)(b), N.D.C.C., provides:

   "*39–08–01. Persons under the influence of intoxicating liquor or controlled substances not to operate vehicle—Penalty.*

   "1. No person shall drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if:

   "b. He is under the influence of intoxicating liquor;"

or requiring assistance. The defendant gave a detailed account of the incident. He stated that he performed the heel-to-toe test perfectly and that he recited the alphabet so quickly the deputy missed his enunciation of some of the letters. He testified that he asked the highway patrolman if he could retake the alcohol alert test because he "couldn't believe it because I didn't think I was that intoxicated". Although Engebretson initially stated that he had consumed three beers at a friend's home earlier the previous evening, he later admitted that the number may have been six or seven. He attributed his vehicle's crossing the highway center line and touching the shoulder of the road to "play in the steering" and "bad ball joints". A mechanic employed by the defendant's father was also called by the defense and he testified that the defendant's car would be "hard to hold on the road" because of a worn left ball joint.

The defendant was found guilty, fined $200 and ordered to attend sessions at a DUI Counter Attack school. Engebretson's only contention on appeal is that the court erred in denying the defendant's motion for dismissal because the State failed to establish a *prima facie* case. More specifically, he argues that because the only evidence unexplained or uncontroverted in the case is that the defendant's pupils were contracted and his eyes were "a little red", and that the result of his breathalyzer test was 0.07 percent of alcohol in his blood, "it is obvious that these facts are not sufficient to establish a *prima facie* case of intoxication."

At the outset, we must determine whether or not Engebretson has properly preserved for review his allegation that the State failed to establish a *prima facie* case. Defense counsel did not move for a judgment of acquittal at the close of the prosecution's case in chief. *See* N.D.R.Crim.P. 29(a). Rather, the defendant proceeded to introduce evidence and at the close of all the evidence, moved to dismiss for failure of the State to establish a *prima facie* case.

In *State v. Allen,* 237 N.W.2d 154, 159 (N.D.1975), we held that:

"by presenting evidence after a motion for judgment of acquittal is denied at the close of the prosecution's case in chief, a defendant permits this court to review the entire record to determine whether sufficient evidence exists to sustain the verdict."

*See also State v. Wilson,* 267 N.W.2d 550, 553 (N.D.1978).

We believe that because the defendant did not make a motion for judgment of acquittal at the close of the State's case, and because the defendant proceeded to introduce evidence after the State had presented its case in chief, we are not limited to determining whether or not the State established a *prima facie* case, as the defendant has phrased his issue on appeal. Rather, we may review the entire record to determine whether sufficient evidence exists to sustain the verdict.

We also note that although defense counsel at the close of all the evidence did not phrase his motion as one for "judgment of acquittal", as it should have been under Rule 29(a), N.D.R.Crim.P., he did move for a "dismissal" for failure of the State to establish a *prima facie* case. We treat the motion to dismiss as a motion for judgment of acquittal under Rule 29(a), N.D.R. Crim.P., *cf. State v. Berger,* 234 N.W.2d 6, 12 (N.D.1975); *State v. Neset,* 216 N.W.2d 285, 286 (N.D.1974), and proceed to determine whether or not the evidence in the instant case was sufficient to sustain the judgment of conviction.

In *State v. Berger,* 234 N.W.2d 6, 12 (N.D.1975), we stated:

"We agreed in *Neset* with our previous decision in *City of Minot v. Spence,* 123 N.W.2d 836 (N.D.1963), wherein

' * * * this court viewed the evidence in the light most favorable to the judgment when resolving the issue of claimed insufficiency of the evidence. In Syllabus ¶ 2 we said:

' "In a criminal trial to the court without a jury, the trial court is the trier of facts and its findings have the same force and effect as a jury verdict upon review in the appellate court." *City of Minot v.*

*Spence, supra,* 123 N.W.2d 836.' *State v. Neset, supra,* 216 N.W.2d at 287.

"In reviewing the verdict of a jury to determine whether the evidence is sufficient to establish guilt beyond a reasonable doubt, our duty is to determine whether substantial evidence supports the verdict. *State v. Steele,* 211 N.W.2d 855, 870 (N.D.1973). *See also, State v. DePriest, supra,* 206 N.W.2d [859] at 865; *State v. Champagne,* 198 N.W.2d 218, 226 (N.D.1972); *State v. Ankney,* 195 N.W.2d 547, 550–551 (N.D.1972); and *State v. Carroll,* 123 N.W.2d 659, 668 (N.D.1963). In summary, 'at the appellate level we do not substitute our judgment for that of the jury or trial court where the evidence is conflicting, if one of the conflicting inferences reasonably tends to prove guilt and fairly warrants a conviction.' *State v. Kaloustian,* 212 N.W.2d 843, 845 (N.D. 1973)."

▮ Considering the evidence in this case, recited above, in the light most favorable to the trial court's judgment of conviction, we find the defendant's contention to be without merit. It need not be established that a defendant was in a totally stuporous condition in order to sustain a conviction of driving while under the influence of intoxicating liquor.[2] It need only be found that the defendant drove a motor vehicle on a public way and that while so driving he was under the influence of intoxicating liquor so as not to possess that clearness of intellect and control of himself that he would otherwise have. *State v. Salhus,*

220 N.W.2d 852, 856 (N.D.1974). We find that the judgment is supported by substantial evidence.

Accordingly, the judgment of conviction is affirmed.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.

---

2. Engebretson is correct in his assertion that evidence that there was 0.07 percent by weight of alcohol in his blood is not to be given *prima facie* effect in indicating whether or not he was under the influence of intoxicating liquor. Section 39–20–07(2), N.D.C.C., provides:

"*39–20–07. Interpretation of chemical tests.* Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a motor vehicle while under the influence of intoxicating liquor, evidence of the amount of alcohol in the person's blood at the time of the act alleged as shown by a chemical analysis of his blood, breath, saliva or urine is admissible. For the purpose of this section:

"2. Evidence that there was at that time more than five-hundredths of one percent and less than ten-hundredths of one percent by weight of alcohol in the person's blood is relevant evidence, but it is not to be given prima facie effect in indicating whether the person was under the influence of intoxicating liquor."

However, a breathalyzer test result showing a defendant to be above the presumptive level of intoxication is not a prerequisite to a finding that the defendant was under the influence of intoxicating liquor. *See State v. Olson,* 244 N.W.2d 718 (N.D.1976); *State v. Schuler,* 243 N.W.2d 367 (N.D.1976); *State v. Fuchs,* 219 N.W.2d 842 (N.D.1974).