STATE of North Dakota, Plaintiff and Appellee,

v.

Linda S. CHRISTIAN, Defendant,

and

Walter Leslie Kania, Defendant and Appellant.

Cr. No. 876.

Supreme Court of North Dakota.

Dec. 30, 1982.

Edward J. Murphy, Fargo, for defendant and appellant.

Robert G. Hoy, State's Atty., and Mervin D. Nordeng, Asst. State's Atty., Fargo, for plaintiff and appellee; no appearance.

PAULSON, Justice.

Walter Leslie Kania appeals from a judgment of conviction entered by the District Court of Cass County on July 1, 1982, finding him guilty of being an accomplice to theft of property. We affirm.

In a criminal information dated July 13, 1981, defendant Linda S. Christian was charged in count one with committing the offense of theft of property[1] by obtaining Aid for Dependent Children [AFDC] benefits from Cass County Social Services in the amount of $1,764.05 during the months of May 1980 through October 1980 on behalf of her minor son by falsely informing Social Services that the boy's father, Kania, was absent from the home. Count two of the information alleged that defendant Kania committed the offense of accomplice to theft of property[2] by aiding Christian in obtaining the AFDC benefits by falsely informing the Regional Child Support Enforcement Unit in an acknowledgment of paternity form that his home residence was 409 21st Street South in Fargo, which is the address of his parents, when, in fact, his

1. Section 12.1–23–02, N.D.C.C., provides:

"*12.1–23–02. Theft of property.*—A person is guilty of theft if he:

"1. Knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another with intent to deprive the owner thereof;

"2. Knowingly obtains the property of another by deception or by threat with intent to deprive the owner thereof, or intentionally deprives another of his property by deception or by threat; or

"3. Knowingly receives, retains, or disposes of property of another which has been stolen, with intent to deprive the owner thereof."

In *State v. Moore,* 286 N.W.2d 274, 279 (N.D. 1979), our court held that § 12.1–23–02, N.D. C.C., is a consolidation of all theft of property offenses, and includes obtaining AFDC assistance to which one is not entitled by willfully making false statements or representations as to eligibility.

2. Section 12.1–03–01, N.D.C.C., provides:

"*12.1–03–01. Accomplices.*—1. A person may be convicted of an offense based upon the conduct of another person when:

"a. Acting with the kind of culpability required for the offense, he causes the other to engage in such conduct;

"b. With intent that an offense be committed, he commands, induces, procures, or aids the other to commit it, or, having a statutory duty to prevent its commission, he fails to make proper effort to do so; or

"c. He is a co-conspirator and his association with the offense meets the requirements of either of the other subdivisions of this subsection.

A person is not liable under this subsection for the conduct of another person when he is either expressly or by implication made not accountable for such conduct by the statute defining the offense or related provisions because he is a victim of the offense or otherwise.

"2. Unless otherwise provided, in a prosecution in which the liability of the defendant is based upon the conduct of another person, it is no defense that:

"a. The defendant does not belong to the class of persons who, because of their official status or other capacity or characteristic, are by definition of the offense the only persons capable of directly committing it; or

"b. The person for whose conduct the defendant is being held liable has been acquitted, has not been prosecuted or convicted, has been convicted of a different offense, is immune from prosecution, or is otherwise not subject to justice."

address was the same as Christian's, that is, 721 North 29th Street in Fargo. The AFDC benefits Christian received on behalf of her child were based on the child's qualifying as a "dependent child" by virtue of the continued absence of a parent from the home. *See* § 50–09–01(4)(a) of the North Dakota Century Code.[3]

On February 16, 1982, defendant Christian pled guilty to the crime of theft of property and thus she is not a party to the instant appeal. Kania was tried before the court without a jury. He was found guilty of the class C felony with which he was charged and sentenced to a term of 60 days in the North Dakota State Farm, with three days' credit for time served. This appeal followed.

Kania's sole contention on appeal is that the evidence is insufficient to support the judgment of conviction.

■ We have often stated that in a criminal trial to the court without a jury, the trial court is the trier of facts and thus its findings will have the same force and effect as a jury verdict upon review in the appellate court. *State v. Engebretson,* 326 N.W.2d 212, 215 (N.D.1982); *State v. Berger,* 235 N.W.2d 254, 263 (N.D.1975), *cert. denied,* 425 U.S. 913, 96 S.Ct. 1511, 47 L.Ed.2d 764 (1976); *State v. Berger,* 234 N.W.2d 6, 12 (N.D.1975); *State v. Neset,* 216 N.W.2d 285, 287 (N.D.1974); *City of Minot v. Spence,* 123 N.W.2d 836, 837 (N.D. 1963). Thus, our standard of review in cases challenging the sufficiency of the evidence to sustain a conviction is the same whether or not the defendant attacks a jury's finding of guilt or a trial court's finding of guilt.

Recently, in *State v. Manke,* 328 N.W.2d 799, 805 (N.D.1982), we stated that:

"Past decisions of this court have well established the standard of review which we will employ in cases challenging the sufficiency of evidence to sustain a conviction. In such cases we do not weigh conflicting evidence, nor do we judge the credibility of witnesses; instead, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction. *State v. Cox,* 325 N.W.2d 181 (N.D.1982); *State v. Olson,* 290 N.W.2d 664 (N.D.1980); *State v. Larson,* 274 N.W.2d 884 (N.D. 1979); *State v. Piper,* 261 N.W.2d 650 (N.D.1978); *State v. Allen,* 237 N.W.2d 154 (N.D.1975).

"This statement of the rule appropriately emphasizes that

"(1) It is the exclusive function of the jury to weigh the evidence and judge the credibility of witnesses. See *State v. Allen, supra,* 237 N.W.2d at 161.

---

**3.** Section 50–09–01(4)(a), N.D.C.C., defines "dependent child":

"4. 'Dependent child' shall mean any needy child:
a. Who is living in the home of a relative by birth, marriage, or adoption, who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and who is:
(1) Under the age of eighteen years;
(2) Under the age of twenty-one years and physically or mentally incapacitated; or
(3) Under the age of twenty-one years and a student regularly attending and making satisfactory progress in pursuance of a course of study or academic or vocational training designed to fit him for gainful employment."
Section 75–02–01–12 of the North Dakota Administrative Code, promulgated under the authority granted in § 50–09–02, N.D.C.C., to the North Dakota Department of Human Services, defines "continued absence of a parent":

"75–02–01–12. *Continued Absence of a Parent.*
"1. The continued absence of one or both parents from the home is established when the separation from the family results in failure to properly support or care for a child.
"2. The nature of the absence which brings about deprivation of parental support or care may be varied, including but not limited to:
"a. Divorce.
"b. Separation, legal or by mutual agreement.
"c. Imprisonment.
"d. Service in the armed forces.
"e. Paternity not acknowledged or adjudicated.
"f. Desertion.
"3. Aid to families with dependent children assistance shall not be granted when the parent either returns or is to return home before the initial grant is received."

"(2) A jury may find a defendant guilty even though evidence exists which *if believed* could lead to a verdict of not guilty. See *United States v. Lincoln,* 630 F.2d 1313 (8th Cir.1980).

"(3) We must assume the jury believed the evidence which supports the verdict and disbelieved any contrary or conflicting evidence. See *State v. Pieschke,* 295 N.W.2d 580 (Minn.1980)."

Having reviewed the evidence presented at trial in the light most favorable to the trial court's judgment of conviction, we find that there is substantial evidence to show that Kania, with the intent that the offense of theft of property be committed, aided Christian in obtaining the AFDC benefits to which she was not entitled from May through October 1980.

The record reveals that on June 5, 1980, Kania signed an acknowledgment of paternity and listed his home address as that of his parents, at 409 21st Street South in Fargo. Testimony elicited during the trial established that if Kania had listed his home address as being the same as Christian's address, and a subsequent investigation by Social Services indicated that he was in fact living there and was the father of the child, Christian would not have been eligible for the AFDC benefits in question. It further appears that Kania used Christian's address, 721 North 29th Street, for all other purposes from May through October 1980. Kania's driver's license and motor vehicle title application listed his address as 721 North 29th Street. He also received his unemployment checks at that address.

Fargo Police Officer Howard Blegen testified that after arresting Kania on May 28, 1980, for disorderly conduct stemming from a domestic disturbance at the Christian residence, Kania gave the same address as his own. He also testified that at that time Christian told him that Kania had been living with her "off and on for a year and a half". Deputy Steve Dawson of the Cass County Sheriff's Office testified that on August 13, 1980, he made "dwelling house service" on Kania in connection with his child support obligation at Christian's ad-

dress. On September 9, 1980, Dawson served the follow-up findings of fact and conclusions of law personally on Kania at the same address. Dawson also testified that on October 1, 1980, he personally served Kania with a warrant of attachment for civil contempt of court at Christian's residence. Dawson further testified that on November 20, 1980, while interviewing Kania in regard to Christian's eligibility for AFDC benefits, Kania told him "in affect [*sic*] that he did reside there, that he had resided with Linda Christian for approximately two years". In addition, Bonnie Johnson, director of the Regional Child Support Enforcement Unit for southeast North Dakota, testified that Kania had contacted her following the preliminary hearing in the instant case and "said he had been living with Linda the entire time".

Kania nevertheless argues that he was not living with Christian during the time in question because he claims that his clothes and other personal effects remained at his parents' home at 409 21st Street South. He also testified during trial that he listed Christian's address for other purposes solely as a mailing address because he was employed a short distance from Christian's home. This court does not weigh conflicting evidence on appeals challenging the sufficiency of the evidence. *Manke, supra.* We believe there is substantial evidence in the record to establish that Kania did in fact reside at Christian's home.

Kania also contends that there is insufficient evidence in the record to establish the intent element of the offense charged. We also believe that substantial evidence exists in the record to show that Kania had the intent that the offense of theft of property be committed and that he willfully aided Christian in obtaining the AFDC benefits to which she was not entitled.

Deputy Dawson testified as follows concerning an interview he conducted with Kania on January 2, 1981, at the Cass County Sheriff's Office:

"Q. [By Mr. Nordeng] And what was the nature of that interview?

"A. Again it was concerning living arrangements of Mr. Kania and Linda Christian. And Mr. Kania expressed a number of times concern for the child, a desire and caring for the child and perhaps getting legal custody of the child. And we also discussed forms, child support forms including this paternity acknowledgment form.

"Q. What was the conversation concerning those forms?

"A. The paternity forms that both the mother and the father on this form along with their addresses, the address listed for Linda was 721 North 29th Street, and the address for Kania was 409 21st Street South. We did discuss this during the course of the conversation. *Mr. Kania explained that the 409 21st Street address was listed in order to protect Linda Christian and her AFDC eligibility.*

"Q. *He acknowledged to you an awareness that they couldn't live at the same address?*

"A. *Yes, he did, yes."* [Emphasis added.]

We conclude that the judgment is supported by substantial evidence, and, therefore, the judgment of conviction is affirmed.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.