**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Mark Allen HALVORSON, Defendant and Appellant.**

**Cr. No. 950.**

Supreme Court of North Dakota.

Nov. 15, 1983.

Vincent A. LaQua, State's Atty., Fessenden, for plaintiff and appellee; submitted on brief.

Samuel D. Krause, Fessenden, for defendant and appellant; submitted on brief.

GIERKE, Justice.

This is an appeal by the defendant, Mark Allen Halvorson, from two judgments of conviction entered by the County Court of Wells County based upon jury verdicts finding Halvorson guilty of operating a motor vehicle while under the influence of intoxicating liquor in violation of Section 39–08–01, N.D.C.C., and of escape in violation of Section 12.1–08–06, N.D.C.C.

The evidence in this case, when viewed in a light most favorable to the verdicts, reveals the following relevant facts.

At approximately 2:30 a.m., on March 23, 1983, Officer Robert Meager, a policeman employed by the City of Harvey, observed Halvorson driving a vehicle "up to a speed of forty-four miles per hour" in a 25 mile per hour speed zone. Officer Meager halted Halvorson's vehicle, and while examining Halvorson's driver's license, Meager observed that Halvorson's speech was slurred and detected the smell of alcohol on Halvorson's breath. Meager then requested Halvorson to perform various field sobriety tests. In Meager's opinion, Halvorson was unable to satisfactorily walk a straight line or to accurately perform the finger-to-nose test. Officer Meager testified that Halvorson refused to perform a balance test because "he said he couldn't do it because he was left-handed." Halvorson conceded, on direct examination at his trial, that when he left the Pioneer Bar in Harvey shortly before he was stopped by Officer Meager he was "a little bit" intoxicated.

After conducting the field sobriety tests, Meager informed Halvorson that he was under arrest for driving while under the influence of alcohol. Halvorson replied, "No I'm not." Officer Meager again informed Halvorson that he was under arrest. Halvorson responded with a negative comment and then in Meager's words, "Mr. Halvorson grabbed at my shirt and he struck me twice in the chest." Officer Meager then returned to his patrol car to call for assistance at which time Halvorson drove his vehicle approximately 200 feet around a corner and then left the vehicle where, on foot, he "trotted down" an alley and through a backyard until he was out of Officer Meager's sight. Officer Meager and another officer searched for Halvorson during the early morning hours without success. At approximately 10:00 a.m., they explained the situation to the state's attorney and filed formal complaints against Halvorson. A warrant for Halvorson's arrest was then issued, and he was arrested later that day by the Fessenden Chief of Police.

Halvorson has raised three issues on appeal:

"1. Was the appellant under the influence of alcohol to such an extent that his ability to operate a motor vehicle was impaired?

"2. Should the denial of the motion for Judgment of Acquittal be upheld or refused?

"3. After viewing the evidence in the light most favorable to the decisions, is the evidence clear and convincing?"

By asserting through his first issue that he was not under the influence of alcohol to such an extent that it impaired his ability to operate a motor vehicle, Halvorson has misapprehended the nature of

the DWI charge filed against him. In *State v. Salhus,* 220 N.W.2d 852 (N.D.1974), this Court stated in relevant part:

"Defendant misapprehends the nature of the charge against him, since he argues that there must be objective and direct evidence that his driving ability was affected by an intake of intoxicating liquor. However, only two elements must be proved in order to sustain a conviction on such a charge:

1. That he was driving a motor vehicle on a public way; and

2. That while so driving a motor vehicle he was under the influence of intoxicating liquor so as 'not to possess that clearness of intellect and control of himself that he would otherwise have.'" 220 N.W.2d at 856.

*See also, State v. Engebretson,* 326 N.W.2d 212, 215 (N.D.1982); *State v. Glavkee,* 138 N.W.2d 663 (N.D.1965); *State v. Hanson,* 73 N.W.2d 135 (N.D.1955).

■ Through his second and third issues Halvorson asserts that the trial court erred in denying his motion for judgment of acquittal and that there is not "clear and convincing evidence" to sustain his convictions. Under Rule 29(a), N.D.R.Crim.P., a motion for judgment of acquittal is properly granted only if the evidence is insufficient to sustain a conviction of the offense. *State v. Sheldon,* 301 N.W.2d 604 (N.D. 1980), *cert. denied,* 450 U.S. 1002, 101 S.Ct. 1711, 68 L.Ed.2d 204 (1981). Contrary to Halvorson's assertion, our review is not based upon the clear and convincing evidence standard. On appeal, our duty is to sustain a criminal conviction based upon a jury verdict if, upon reviewing the evidence in a light most favorable to the verdict, we determine that there is substantial evidence to support it. *State v. Engebretson,* 326 N.W.2d 212 (N.D.1982).

■ Having reviewed the record in this case, we hold that the trial court did not err in denying Halvorson's motion for judgment of acquittal and we further hold that there is substantial evidence to support Halvorson's DWI conviction under Section 39–

08–01, N.D.C.C., and his conviction for escape under Section 12.1–08–06, N.D.C.C.

In accordance with this opinion the judgments of conviction, dated July 18, 1983, are affirmed.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.