STATE of North Dakota, Plaintiff and Appellee,

v.

Charles W. YELLOWBIRD, Defendant and Appellant.

Cr. No. 1041.

Supreme Court of North Dakota.

Dec. 19, 1984.

Gregory L. Lange [argued], of Richardson, Blaisdell, Isakson & Lange, Hazen, for defendant and appellant.

Alan K. Duppler, State's Atty., Stanton, for plaintiff and appellee.

GIERKE, Justice.

Charles Wayne Yellowbird appeals from a judgment of conviction entered against him on June 14, 1984, by the Mercer County Court, following a jury verdict of guilty of driving while under the influence of alcohol or drugs pursuant to § 39–08–01 of the North Dakota Century Code. We affirm.

On March 17, 1984, Yellowbird was issued a traffic summons and complaint which charged him with driving while under the influence of alcohol or drugs. Yellowbird entered a plea of not guilty, and a trial by a jury of six was had on June 14, 1984.

The record reveals that on March 17, 1984, at approximately 1 a.m., Bobby John Evans, a Beulah area farmer, was awakened by a pounding at the door of his home, followed by Yellowbird's entry. Evans testified that Yellowbird said that he was stranded and that his car was stuck in a nearby ditch. According to Evans, Yellowbird drank a cup of tea and used Evans's telephone. Evans further testified that, while on the telephone, Yellowbird made reference to "his buddy ... in the car", and that Yellowbird indicated on the phone that he and "his buddy were driving back to the reservation".

According to Evans's opinion, Yellowbird was under the influence of alcohol or drugs. Evans testified also that Yellowbird was off balance while walking and bumped into a doorway, and that Evans could smell alcohol on Yellowbird from across the room. Evans called the sheriff's office after Yellowbird left.

Officer Douglas Gleich, a patrolman with the Mercer County Sheriff's Office, received a call requesting him to respond to the report of a vehicle which was off the road north of Beulah. Officer Gleich testified that, on the way to investigate the report, the weather was wintry, the snow was blowing, and the roads were icy. Officer Gleich came upon Yellowbird, who was walking east along Highway 1806 about a half mile from the Evans residence. He asked Yellowbird if he needed help and

Yellowbird responded in the affirmative and stated that "I ran my car into the ditch". According to the officer, Yellowbird was walking away from rather than toward the point where the accident occurred.

Officer Gleich located the car, with its engine running, in a ditch on County Road 15, about a half mile south of Highway 1806. He testified that tire tracks showed the car had left the road and had gone into a ditch, across a creek, and into a field, ending up on an incline along the road.

Officer Doug Hoopman, a North Dakota State Highway patrolman who arrived on the scene shortly after Gleich did, testified that he observed unusual tire tracks which had completely covered the nearby field. He stated that tire track circles had been cut into the field by repeatedly spinning the back end of the car around. Gleich testified that there was only one set of footprints leading away from the car.

Both Officers Gleich and Hoopman testified that, in their opinions, Yellowbird was under the influence of alcohol or drugs. Gleich gave Yellowbird a field sobriety test, from which Gleich concluded, in part, that Yellowbird was under the influence of alcohol or drugs. Gleich testified that Yellowbird exhibited unsteadiness in performing the heel-to-toe walk, that he smelled of alcohol, and his pupils did not react quickly to light stimulus. Officer Hoopman testified that a strong odor of alcohol emanated from Yellowbird. Yellowbird was placed under arrest.

Gleich and Hoopman found five full bottles of beer in a cardboard container inside the car. In addition, one empty beer bottle was found lying on the floorboard of the front passenger's side of the car. The officers arranged for a wrecker and proceeded in one patrol car to Stanton with the appellant. According to Gleich's testimony, Yellowbird stated on the way to Stanton that he had not been driving the car and that a Frank Valdez had been driving. At this point, the two officers were uncertain as to whether or not Yellowbird had been driving the car. They postponed charging Yellowbird with the offense pending further investigation. When an investigation failed to produce Frank Valdez, the man Yellowbird referred to as having been the driver, Yellowbird was subsequently charged with the offense of driving while under the influence of alcohol or drugs.

A jury of six found Yellowbird guilty. The sole question on appeal is the sufficiency of the evidence to sustain the conviction.

A conviction for driving while under the influence of alcohol or drugs pursuant to § 39–08–01, N.D.C.C., requires the State to prove two elements: (1) that the defendant was driving, and (2) that the defendant was under the influence of alcohol or drugs while driving. In the instant case, Yellowbird's conviction was based largely on circumstantial evidence.

We have repeatedly held that "circumstantial evidence alone may justify a conviction if it is of such probative force as to enable the trier of fact to conclude that the defendant is guilty beyond a reasonable doubt". *State v. Hilsman*, 333 N.W.2d 411, 413–414 (N.D.1983). We have also emphasized that a verdict based on circumstantial evidence is given the same presumption of correctness as other verdicts. *State v. Kaufman*, 310 N.W.2d 709, 712 (N.D.1981).

The rule on circumstantial evidence at the trial level is, however, different from the rule on appeal. *State v. Olson*, 290 N.W.2d 664, 671 (N.D.1980). At trial, circumstantial evidence must be conclusive and must exclude every reasonable hypothesis of innocence. *State v. Fuchs*, 219 N.W.2d 842, 846 (N.D.1974); *State v. Neset*, 216 N.W.2d 285, 287 (N.D.1974); *State v. Kaloustian*, 212 N.W.2d 843, 845 (N.D.1973). On appeal, the function of this court is not to substitute our judgment for that of the jury, where the evidence is conflicting, if one of the conflicting inferences reasonably tends to prove guilt and fairly warrants a conviction. *State v. Allen*, 237 N.W.2d 154, 161 (N.D.1975). Furthermore, when resolving the issue of alleged insufficiency of the evidence to sup-

port a conviction, we view the evidence in the light most favorable to the verdict. *State v. Cox*, 325 N.W.2d 181, 184 (N.D. 1982).

■ We will not substitute our judgment for that of the jury in the instant case. It is the jury's role to view the conflicting evidence and to draw its inference therefrom as to whether or not Yellowbird was driving the car. The jury could have reasonably inferred from the circumstantial evidence produced at trial that Yellowbird was driving the car. The evidence which illustrates that Yellowbird was driving the car includes the facts that: (1) he was the only person who walked to the Evans residence; (2) he was the only person found near the car by Officer Gleich; and (3) only one set of footprints was found leading away from the car. In addition, according to Gleich's testimony, Yellowbird stated "I ran my car into the ditch."; and "I was on my way home". In conflict with this evidence is testimony from Gleich as to Yellowbird's later statement that Frank Valdez was the driver of the car and also the testimony of Bob Evans that Yellowbird mentioned a "buddy" while on the telephone. Yet an investigation conducted by the sheriff's office failed to produce Frank Valdez.

As to whether or not Yellowbird was under the influence of alcohol or drugs while driving the car, the evidence presented at trial is consistent with Yellowbird's guilt. The evidence includes the testimony of three witnesses, Officers Gleich and Hoopman, and Bob Evans, that Yellowbird was under the influence of alcohol or drugs. In addition, the unusual tire tracks which were left by the car in the nearby field could have led the jury to infer that Yellowbird was under the influence of alcohol or drugs while driving.

■ The State concedes on appeal that Yellowbird's condition was observed only *after* the accident as opposed to *before* the accident. However, it is within the province of the jury to infer from the evidence that Yellowbird was under the influence of alcohol while driving. The evidence shows

that the officers found one empty bottle of beer in the car. No other alcohol containers were found in the vicinity of the accident. The record is devoid of evidence which would indicate that Yellowbird came under the influence of alcohol or drugs after he drove the car into the ditch.

We conclude that the inference drawn by the jury that Yellowbird was under the influence of alcohol or drugs while driving the car reasonably tends to prove his guilt and fairly warrants his conviction.

The judgment of conviction, therefore, is affirmed.

ERICKSTAD, C.J., and PEDERSON and VANDE WALLE, JJ., concur.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.