STATE OF IOWA, Appellee, v. J. C. JACOBSMEIER, Appellant.

No. 45261.

DECEMBER 10, 1940.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, and R. N. Johnson, Jr., County Attorney, for appellee.

Herminghausen & Herminghausen, for appellant.

OLIVER, J.—Upon trial to the court J. C. Jacobsmeier was convicted of the crime of reckless driving. He appeals. The alleged offense occurred during the night of March 18, 1939. Appellant was driving his automobile along a paved highway, about 18 feet wide, and was ascending a hill outside the city limits of Fort Madison. While rounding a right curve or turn the car struck and injured Robert Miller, who, with his uncle, Arthur

Miller, was walking along the pavement in the same direction the car was traveling. The only damage to the car was a dent in the left front fender.

Because of the turn the headlights did not shine upon these pedestrians for any appreciable time immediately before Robert was struck, although the lights had shone upon them previously as the car rounded a left curve near the foot of the hill. Robert and Arthur testified they were walking abreast near the left edge of the pavement; that, as the car approached, Robert walked a step or two directly behind Arthur; that Arthur said, "Maybe that is somebody we know and we will get a ride"; and that an instant thereafter Robert was struck. Robert was thrown forward and lay at the edge of the pavement about ten feet in front of Arthur, who was not touched by the car or by Robert's body. Arthur estimated the speed of the car, as it passed him, at 60 miles per hour.

Three men passengers were riding in appellant's car. None of them saw Robert at or just prior to the time he was struck. They testified appellant was attending to his driving and that the car was, at the time, traveling 35 or 40 miles per hour on the right side of the pavement. One passenger testified that 15 seconds previously he had noticed the two men walking along the center of the pavement some distance ahead of the car as the headlights temporarily shone on them. He also testified:

"I was so sure that the car would not strike them going 35 to 40 miles an hour, and it was so casual that I turned back to talk to the other boys."

Appellant testified:

"As I approached the curve my lights were shining out northwest and came around as I made the turn. They didn't shine up the road at the curve. They shone more and more around the curve. * * * I didn't see the Millers on the road before the accident occurred."

Robert was taken to a hospital in appellant's car after which appellant went to the police station and made a report of the accident.

Section 5022.04, Code of 1939, under which appellant was charged, provides:

"Reckless driving. Any person who drives any vehicle in such manner as to indicate either a wilful or a wanton disregard for the safety of persons or property is guilty of reckless driving."

We have not heretofore had occasion to consider this statute but have frequently passed upon the question of the criminal liability of one who causes the death of another while operating a motor vehicle in such a manner as to show wanton and reckless disregard and indifference for the safety of others, or, in the language used in one case, "in wilful or wanton disregard of the safety of others."

The most recent of these cases is State v. Graff, 228 Iowa 159, 290 N. W. 97, which marshals and reviews the earlier authorities. Therein the court approves and follows a former holding that the definition of recklessness used in civil cases under the "guest statute" is not applicable in such criminal cases. It seems to us that the reckless driving statute fixes the same basis of criminal liability as do the above cases and that those decisions are, in general, applicable to this case.

Without detailed consideration of the authorities discussed in the Graff case it may be noted that in none of them was the view of the defendant driver obstructed. In the Graff case the automobile struck a woman standing in the highway behind a parked car. There was substantial evidence that the parked car was continuously visible to that defendant as he traveled a straight course of 450 feet. There were also other matters militating against him. Yet in that case the court said, concerning the sufficiency of the evidence to justify a conviction, "The question here is a close one."

In prosecutions of this character it is reckless indifference to the safety of others which supplies the criminal intent necessary to warrant conviction. Assuming, without deciding, that this appellant, in the exercise of ordinary care, should have observed the Millers when the car was at the lower turn and the

lights temporarily disclosed them some distance ahead, we do not think such negligence would indicate a wilful or wanton disregard for their safety. At that time they were walking along the pavement so far ahead that they were in no apparent danger. The passenger in appellant's car who did see them at that distance had no idea that they might be struck and "it was so casual" that he turned and talked to the passengers in the rear seat.

As appellant drove his car around the turn where Robert was struck he did not know and could not see that the highway ahead was not clear. He was traveling outside the city limits and no other vehicles were in his immediate vicinity. Assuming his negligence we do not think that, under the circumstances, such negligence could be properly held to indicate a wilful or wanton disregard for the safety of persons or property.

Nor is there substantial evidence to indicate that as the car rounded the curve the Millers could have been seen for a sufficient length of time that appellant's failure to see and avoid striking Robert would constitute criminal recklessness under the statute. Appellant may have been momentarily inattentive and negligent as his headlights swung around upon the Millers, but the record does not indicate that he was guilty of such recklessness as would render him criminally liable.

Considering the entire record in the light of the views expressed in the Graff case and authorities therein cited, we are constrained to hold the evidence in this case insufficient to warrant a conviction. Wherefore, the judgment is reversed.—Reversed.

RICHARDS, C. J., and BLISS, HAMILTON, SAGER, MILLER, STIGER, and HALE, JJ., concur.

MITCHELL, J., concurs in result.

MITCHELL, J. (concurring specially)—I concur in the result. I know of no logical reason why the definition of recklessness used in civil cases under the "guest statute" is not applicable in criminal cases. I dissented in the case of State v. Graff, 228 Iowa 159, 290 N. W. 97.