STATE of North Dakota, Plaintiff and Respondent,

v.

Dennis KREIGER, Defendant and Appellant.

No. 326.

Supreme Court of North Dakota.

Nov. 29, 1965.

598

Helgi Johanneson, Atty. Gen., Bismarck, and John A. Alphson, State's Atty., Grand Forks, for plaintiff and respondent.

Ralph S. Oliver, Larimore, for defendant and appellant.

STRUTZ, Judge.

The defendant-appellant was convicted in the County Court of Increased Jurisdiction of Grand Forks County of the crime of aggravated reckless driving. The case was tried to the court without a jury, a jury having been waived. The case comes before us on appeal from the judgment of conviction. Specifications of error relate to the sufficiency of the evidence and, further, point out that the complaint under which the defendant was charged did not state facts with sufficient clarity and particularity to apprise the defendant of the offense charged.

The challenge to the sufficiency of the evidence is based on two grounds. In the first place, the court found the defendant guilty of reckless driving under Section 39–08–03, Subsection 2, North Dakota Century Code. It further found that such reckless driving caused and inflicted injury upon another, and that the defendant therefore was guilty of the crime with which he was charged, that of aggravated reckless driving, under the provisions of the statute. The defendant, on the other hand, contends that, since the evidence did not warrant a finding that he was guilty of reckless driving under both Subsections 1 and 2 of Section 39–08–03, he could not be convicted of aggravated reckless driving.

The second challenge to the sufficiency of the evidence is that the evidence is insufficient to prove, beyond a reasonable doubt, that the defendant was, in fact, guilty of aggravated reckless driving.

The facts, as shown by the record, disclose that, on the evening of October 30, 1964, the defendant was driving a motor vehicle in the city of Larimore, North Dakota. With him, as passengers, were Rebecca Hill,

Grace Johnson, and Rhetta Wixo. The defendant was observed by a police officer of the city of Larimore, driving from a location in that city designated as the Dairy Queen. As the defendant left the Dairy Queen, according to the police officer, his vehicle spun gravel and fishtailed back and forth as it proceeded down the street, and that the defendant left the city at a high rate of speed. The officer, on observing these movements of the defendant's vehicle, turned on the red warning light on the roof of his patrol car and followed the defendant's car as it traveled north. As the patrolman reached the northern limits of the city of Larimore, his speedometer showed that he was traveling at a speed of approximately seventy-five miles an hour, and, according to his testimony, the defendant's car was pulling away from him. A short time later, as the chase continued, the police officer saw the defendant's vehicle run up the other side of a hill ahead of him and he then saw the headlights and the tail-lights of the defendant's car in the air, after which the lights disappeared. When the officer came to the point in the highway where he had last seen the lights of the defendant's automobile, he found the defendant and two girls wandering around. He was told that another girl was missing. On investigation, she was found lying under the defendant's car. This girl suffered a broken back, a cracked rib socket, broken ribs, and a brain hemorrhage. The record further discloses that the defendant, in attempting to control his vehicle, applied the brakes and that his vehicle had traveled a distance of 533 feet from the point of the first skidmarks to the point where the vehicle came to rest.

On these facts, the court found the defendant guilty of aggravated reckless driving, and this appeal is from the judgment of conviction.

In determining whether the evidence is sufficient to sustain the conviction of the defendant for aggravated reckless driving, we must consider the provisions of the aggravated-reckless-driving statute. Section 39–08–03 of the North Dakota Century Code provides as follows:

> "Any person shall be guilty of reckless driving if he drives a vehicle upon a highway:

> "1. Carelessly and heedlessly in willful or wanton disregard of the rights or safety of others; or

> "2. Without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or the property of another."

The section then goes on to provide:

> "Any person violating the provisions of this section, who by reason of reckless driving as herein defined, causes and inflects injury upon the person of another, shall be guilty of aggravated reckless driving, * * *."

It is the contention of the defendant that the statute defining aggravated reckless driving requires that "the provisions of this section" be violated; that this means that, before a defendant can be found guilty of aggravated reckless driving, the evidence must show, beyond a reasonable doubt, that he was guilty of reckless driving under both Subsections 1 and 2 of the reckless-driving statute; that, since the evidence in this case discloses that the defendant was guilty of reckless driving under Subsection 2 only, and that the court specifically found him guilty of reckless driving only under Subsection 2, the evidence is insufficient to find him guilty of aggravated reckless driving as defined by the law. Defendant further contends that if he can be found guilty, under the charges filed against him, of "aggravated reckless driving," then, under this statute, he could be found guilty of several charges under the complaint filed and that he was not apprised of the particular charge against him with sufficient clarity and particularity to that he was fully apprised of the offense charged.

Our statute provides that a person shall be guilty of reckless driving where

the evidence shows that he carelessly and heedlessly, in willful and wanton disregard of the rights or safety of others, operated his vehicle on the public highway; or if he drove his vehicle upon the highway without due caution or circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person. Clearly, to be guilty of ordinary reckless driving, a driver need not be proved guilty under both subsections. To prove guilt of reckless driving under Subsection 2, the evidence must show that the defendant drove his vehicle without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or the property of another, but the evidence need not show that anyone was, in fact, injured.

In making its decision, the court found that the defendant drove his vehicle upon the highway at a speed and in a manner so as to endanger or be likely to endanger the person of another. It further found that, as a result of such reckless driving, another person was injured. So the court concluded that, since another was injured by reason of the reckless driving of the defendant, as defined in Subsection 2 of the Act, he was guilty of aggravated reckless driving.

From a careful study of the evidence, it is clear that the defendant did commit the crime of reckless driving. The evidence of the police officer who testified that the defendant was driving at speeds so as to pull away from him while the officer was going in excess of seventy miles an hour; the testimony of the highway patrolman that, as he paused at a stop sign at the entrance to Highway 18, two cars went by at high speeds, one being a police car, and that he followed at eighty to eighty-five miles an hour but caught up with them only after the accident; and the physical facts of the accident are sufficient to find the defendant guilty of driving without due caution and circumspection and at a speed and in a manner so as to endanger the persons in his vehicle. It is true that the court did not find that the defendant was

driving upon the highway carelessly and heedlessly in willful and wanton disregard of the rights of others, under Subsection 1 of the Act, and defendant argues that such finding must be made in order to find him guilty of aggravated reckless driving.

■ A person is guilty of aggravated reckless driving under our statute if he violates the provisions of the reckless-driving Act, "by reason of reckless driving as herein defined," as a result of which he "causes and inflicts injury upon the person of another." The defendant having caused injury upon the person of another by reason of his reckless driving as defined in Subsection 2 of the Act, he was properly found guilty of aggravated reckless driving. It is not necessary for the State, in order to prove the charge of aggravated reckless driving against the defendant, to establish that he was guilty of reckless driving under both Subsections 1 and 2 of the Act. All that is necessary is to prove that he was guilty of reckless driving, as defined in the Act, which can be reckless driving under either Subsections 1 or 2 of the Act, and then to further prove that such reckless driving caused the injury of another person. The evidence was sufficient to find the defendant guilty of aggravated reckless driving as charged.

■ The defendant also challenges the sufficiency of the evidence, contending that there was no competent evidence sufficient to prove, beyond a reasonable doubt, that the defendant was guilty of the crime charged. We have carefully gone over all of the evidence introduced in this action, and we believe it was ample to warrant a finding of guilty against him. The evidence discloses that the vehicle which defendant was operating was traveling at a speed in excess of seventy miles per hour, in the nighttime and in an area where the speed limit at that time was fifty-five miles per hour. The police officer testified that, as he was endeavoring to overtake the defendant, he was going over seventy miles an hour and that the defendant still was pull-

ing away from him. The defendant contends that he did not know that the officer was following him. This seems doubtful in view of the fact that the defendant admitted that he saw the flashing red light of the patrol car. But we believe it is wholly immaterial whether he did or did not know that he was being pursued. There is ample evidence to warrant the finding by the court that the defendant was driving without due caution and circumspection and at a speed or in a manner so as to endanger another person, to wit, the passengers in his automobile.

 The defendant also contends that the complaint under which he was charged did not state facts with sufficient clarity and particularity so as to apprise him of the offense with which he was charged. The complaint was issued under the provisions of Section 29–05–31, North Dakota Century Code, which provides for a uniform complaint and summons to be used in cases involving violations of the statutes relating to the operation and use of motor vehicles. This form, as set out in the statute, was followed exactly in this case. If the defendant felt that it did not set forth facts with sufficient clarity and particularity to inform him of the offense with which he was charged, he could have moved to quash. However, he merely entered his plea of not guilty to the charge and proceeded to trial. After entering his plea of not guilty, he demanded a jury trial, later waiving trial by jury and consenting to be tried to the court. At no time, however, did the defendant make any motion to quash, nor did he contend that the charge against him was subject to any objection whatever. By failing to move to quash before entering his plea to the charge against him, the defendant waived all objections which he might have made to the complaint.

Section 27–08–24, North Dakota Century Code, provides that the law and rules of practice and procedure applicable to the district courts in criminal actions shall apply to county courts with increased jurisdiction,

with certain exceptions therein stated. None of those exceptions are applicable to the circumstances here under consideration. Section 29–14–12 of the North Dakota Century Code then provides:

"If the defendant does not move to quash the indictment or information before he pleads thereto, he shall be taken to have waived all objections which are grounds for a motion to quash except those which also are grounds for a motion in arrest of judgment."

The defendant having failed to move to quash the complaint before entering his plea to the same, he cannot, for the first time, after the trial has been completed, make objection to the complaint.

Since there was sufficient evidence to warrant the finding that the defendant was guilty of aggravated reckless driving as defined by the statute, and this court finding no error in the record, the judgment of the trial court is affirmed.

BURKE, C. J., and TEIGEN, ERICKSTAD and KNUDSON, JJ., concur.