**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Dennis SHIPTON, Defendant and Appellant.**

**Cr. No. 925.**

Supreme Court of North Dakota.

Oct. 11, 1983.

As Amended Oct. 31, 1983.

* Justice WM. L. PAULSON served as a Surrogate Justice for this case pursuant to Section

27–17–03, N.D.C.C.

John E. Greenwood, Asst. State's Atty., Jamestown, for plaintiff and appellee.

Hjellum, Weiss, Nerison, Jukkala, Wright & Paulson, Jamestown, for defendant and appellant; argued by Cecelia Ann Wikenheiser, Jamestown.

PEDERSON, Justice.

After a bench trial Shipton was convicted of driving while under the influence of intoxicating liquor, in violation of § 39–08–01, NDCC. On appeal, he argues that the court committed reversible error in denying his motion to compel discovery of the arresting officer's report and in denying his motion for judgment of acquittal on the ground of insufficient evidence. We do not agree and, accordingly, affirm the conviction.

At about 1:00 a.m. on October 17, 1982, North Dakota Highway Patrolman Dale Elbert observed Shipton traveling south on U.S. Highway 52 just north of Jamestown. Elbert originally intended to stop the pickup because of a broken tail light, but as he followed it he twice saw the driver go off the roadway and back before driving across a grassy area near the road, through a gas station parking lot and onto a nearby stockyard road.

Suspecting that Shipton was under the influence of alcohol, Elbert stopped the pickup and had Shipton perform the standard field sobriety tests. Shipton staggered during the heel-to-toe test, satisfactorily completed two of the six finger-to-nose tests, and wobbled during the balance test. Elbert then arrested Shipton and took him to the Jamestown Police Department to administer a breathalyzer test. The test results were not admitted into evidence because of foundation problems.

Elbert testified that Shipton's speech was slurred and there was a noticeable odor of alcoholic beverage on his breath. He also acknowledged that Shipton produced his driver's license without apparent difficulty, walked from the pickup truck to the patrol car without trouble, and descended the police station steps without difficulty.

Shipton testified that he had consumed several beers that afternoon and four or five beers at a local bar within the two hours before his arrest. He attributed the erratic driving to a defective steering column. Danny Gilbertson, the other defense witness, testified that Shipton's speech and movements seemed normal and that he had asked Shipton for a ride home from the bar because he thought it would be safe.

At the close of the prosecution's case, Shipton moved for a judgment of acquittal pursuant to Rule 29(a), NDRCrimP. Relying on *People v. Butts*, 21 Misc.2d 799, 201 N.Y.S.2d 926 (1960), Shipton argues that a chemical test is required for a DWI conviction. He further argues that without the breathalyzer test results the evidence provides insufficient proof of guilt beyond a reasonable doubt.

Shipton's reliance on *Butts* is misplaced.[1] Even if New York law requires a

---

1. We do not read *Butts* as requiring a chemical test for all DWI convictions. The trial court's opinion quoted extensively from a legislative committee report on why general observations by police officers and witnesses are inadequate to sustain a DWI conviction. The court then

chemical test to support a DWI conviction, North Dakota law does not. When reviewing the denial of a motion for judgment of acquittal this court may look at the entire record to determine if the evidence is sufficient to sustain the conviction. *State v. Allen,* 237 N.W.2d 154, 159 (N.D.1975). We recently stated that on a motion for judgment of acquittal the trial court must view the evidence from the standpoint most favorable to the prosecution and must assume the truth of the evidence offered by the prosecution. Using this standard, if there is substantial evidence justifying an inference of guilt, the motion for judgment of acquittal must be denied. *State v. Granrud,* 301 N.W.2d 398, 400 (N.D.1981), *cert. denied,* 454 U.S. 825, 102 S.Ct. 113, 70 L.Ed.2d 98 (1981). Because the record clearly contains sufficient evidence to justify an inference of guilt, the trial court did not err in denying Shipton's motion for judgment of acquittal.

Before trial Shipton's attorney requested certain materials from the state's attorney, who furnished the breathalyzer operational checklist and the breathalyzer cards but refused to allow discovery of the arresting officer's report and attendant notes other than two statements made by the defendant. Shipton moved to compel discovery of the report and notes under Rules 16(a)(3) and 16(c), NDRCrimP, or under North Dakota's open records law.[2] The court ruled the report exempt from discovery because it was the police officer's work product.

It is possible that the material sought by Shipton would be discoverable under Rule 16, as amended, effective September 1, 1983, but we must decide this case according to the rules which were in effect prior to the amendment. Rule 16(c) authorized the court to order pretrial discovery or inspection of books, papers, documents, tangible objects or places unless the material sought was an internal prosecution document made by prosecution agents in connection with the investigation or prosecution of the case, i.e., the prosecution's work product, or a statement made by a prosecution witness or prospective prosecution witness to agents of the prosecution.

We must first decide whether or not the arresting officer's report can be considered the prosecution's work product. The trial court determined that the report was the police officer's work product. The protection afforded by Rule 16(c) would extend to the report in question only if the police officer were an agent of the prosecution and the document had been made in connection with the investigation or prosecution of the case. While some police reports might qualify as prosecution work products, we are not prepared to hold that all arresting officer reports automatically fall into that category.

■ The state's attorney concedes that the report in question is essentially the officer's notes to himself on what he observed. The report is not made pursuant to any specific prosecution investigation but is simply part of the officer's file, to be made available if necessary. Classifying routine, essentially factual police reports as nondiscoverable under the prosecution work product exemption thwarts the underlying purpose of the pretrial criminal discovery rules. Because we find that the trial court erred in denying discovery under the work product exemption, we need not address the other discovery issues Shipton raises.

■ Failure to allow discovery under Rule 16, NDRCrimP, does not require a reversal of conviction absent a showing of substantial prejudice. Rule 52(a), NDRCrimP. On review we are required to examine the entire record and consider the probable effect of the alleged error in light of all the evidence in order to determine if substantial rights were affected. *State v. Allen, supra,* 237 N.W.2d at 162. Before reversal is warranted, the defendant must show that he was prejudiced, that substan-

---

found the defendant's condition was caused by an inadvertent overdose of asthma medication, not by excessive drinking of alcoholic beverages.

2. See North Dakota Constitution, Article XI, § 6, and NDCC § 44–04–18.

tial injury resulted to his case, and that a different decision is likely absent the error. *State v. Hendrickson,* 240 N.W.2d 846, 848 (N.D.1976).

Shipton contends that pretrial discovery of the report was essential for effective trial preparation, particularly for purposes of impeachment and cross-examination. He further contends that the error was so fundamental that the State has the burden of proving it was harmless beyond a reasonable doubt. We do not agree with Shipton's contention.

Like Shipton, the defendant in *State v. Hager,* 271 N.W.2d 476, 483–84 (N.D.1978), argued that his Sixth Amendment right of confrontation was violated by a failure to comply with Rule 16(h), NDRCrimP, thus mandating use of the strict constitutional test for determining harmless error. In *Hager* we held that Rule 16(h) was not a constitutional mandate but rather was an evidentiary discovery rule designed in the interest of fair trials. We noted in *Hager* that even though the defendant was denied the equivalent of a statutory right to evidence which may have aided him in exercising his constitutional right, he was not denied his constitutional right to cross-examine the witness.

Similarly, Shipton had an opportunity to examine the officer's report after Elbert testified and before cross-examination. There were no discrepancies between the notes in the officer's report and his testimony. Shipton did not use the report for impeachment purposes. On the facts of this case we do not see how the outcome would be different absent the alleged error. Because we find that Shipton was not prejudiced by the error and that his substantial rights were not denied, the error was harmless under Rule 52(a). The conviction is affirmed.

ERICKSTAD, C.J., VANDE WALLE and SAND, JJ., and PAULSON,* Surrogate Justice, concur.

* Justice WM. L. PAULSON served as a Surrogate Justice for this case pursuant to § 27–17–