**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Paul WHITNEY, Defendant and Appellee.**

**Crim. No. 1118.**

Supreme Court of North Dakota.

Nov. 21, 1985.

James F. Twomey, Asst. State's Atty., Fargo, for plaintiff and appellant; argued by Gina Bonemeyer, Senior law student; appearance by James F. Twomey.

Jack R. Duis, Fargo, for defendant and appellee.

LEVINE, Justice.

The State appeals from an order of the Cass County Court suppressing the results of an Intoxilyzer test given to Paul Whitney. Because we hold the State's *Dilger* statement insufficient to confer jurisdiction, we dismiss the appeal.

Paul Whitney was charged with driving while intoxicated in violation of North Dakota Century Code § 39–08–01. Upon Whitney's motion, the Cass County court suppressed the results of his Intoxilyzer test on the ground that law enforcement personnel unreasonably hindered his attempt to attain a second blood alcohol test.[1]

██ Pursuant to NDCC § 29–28–07(5), the State appealed from the suppression order and duly filed a *Dilger* statement. In *State v. Dilger*, 322 N.W.2d 461 (N.D. 1982), we held that in order for the State to exercise its right of appeal under § 29–28–

---

1. NDCC § 39–20–02 provides that a person upon whom a law enforcement officer has administered a chemical test may have any qualified person of his own choosing administer a test or tests for his own use. *State v. Larson*, 313 N.W.2d 750 (N.D.1981).

07(5) it must explain how the suppression order renders evidence in the case insufficient as a matter of law or effectively destroys any possibility of prosecuting the defendant.[2] We may consider the sufficiency of a *Dilger* statement sua sponte. *State v. Gawryluk,* 351 N.W.2d 94 (N.D. 1984).

In its *Dilger* statement the State asserts that without the Intoxilyzer results the only evidence of Whitney's intoxication is the arresting officer's observations. This, the State claims, is insufficient to convict Whitney of DUI.

We cannot agree. It is undisputed that Whitney was charged alternatively with violating § 39–08–01(1)(a) and (b). The Intoxilyzer test results are not necessary to convict under § 39–08–01(1)(b). *State v. Kimball,* 361 N.W.2d 601, 604 (N.D.1985); *State v. Gawryluk, supra; State v. Kisse,* 351 N.W.2d 97 (N.D.1984). To convict under § 39–08–01(1)(b) the State must prove that the defendant, while driving a motor vehicle on a public way lacked "the clearness of intellect and control of himself that he would otherwise have...." *State v. Halvorson,* 340 N.W.2d 176 (N.D. 1983). This can be established without evidence of Intoxilyzer test results. *E.g., State v. Shipton,* 339 N.W.2d 87 (N.D. 1983).

Here, the arresting officer testified that he detected the odor of alcohol on Whitney's breath, observed that his pupils were dilated and his speech slurred, and he believed that Whitney was under the influence of intoxicating liquor.

Given these facts we conclude that the proof available to the State is not insufficient as a matter of law. Accordingly, the appeal is dismissed.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.

**2.** NDCC § 29–28–07(5) was amended in 1985 to provide that the prosecuting attorney's statement must assert only that the appeal is not taken for purpose of delay and that the evidence is substantial proof of a fact material in the proceeding. S.L. 1985, ch. 363. The 1985 amendment does not apply in this case because the State filed its appeal prior to its effective date, July 1, 1985.