STATE of North Dakota, Plaintiff
and Appellee,

v.

Ricky Eugene POLLACK, Defendant
and Appellant.

Crim. Nos. 890363–890365.

Supreme Court of North Dakota.

Oct. 31, 1990.

David M. Crane, State's Atty., Mott, for plaintiff and appellee.

Mary E. Nordsven, of Howe, Hardy, Galloway & Maus, PC, Dickinson, for defendant and appellant.

VANDE WALLE, Justice.

Richard E. Pollack appealed from judgments of conviction entered upon jury verdicts finding him guilty of driving under suspension, driving under the influence, and fleeing or attempting to elude a peace officer. We affirm.

At about 1:15 a.m. on August 2, 1989, Officer Helen Schaible of the Mott Police Department saw a vehicle speeding on Main Street in Mott. Schaible had observed the vehicle make a wide turn onto Main Street and continue down the center of the street before returning to the proper lane. Schaible used the flashing lights on her police car to signal the driver of the vehicle to stop which he did within one block.

Schaible approached the vehicle and recognized the driver as Pollack and his passenger as Gary Hofer. When Schaible asked Pollack for his driver's license, he replied, "Helen, you know that I don't have a driver's license." Schaible testified that she detected the odor of alcohol on Pollack and that he was slurring his words, and she directed him to get out of the vehicle and into her police car. According to Schaible, when she was escorting Pollack to the police car he asked if she was going to be "hard-nosed about this," and told her "I don't have to take this shit;" he then broke loose from her grasp and ran away. Schaible testified that she called State Radio to request assistance and during the call learned that Pollack's license was under suspension. She then unsuccessfully searched for Pollack for about 45 minutes.

Pollack was subsequently arrested and charged with driving under suspension, driving under the influence, and fleeing or attempting to elude a peace officer. A six-person jury returned guilty verdicts on all three charges.

Pollack contends there was insufficient evidence to support the verdict for fleeing or attempting to elude a peace officer under Section 39–10–71, N.D.C.C.:

*"Fleeing or attempting to elude a peace officer.* Any driver of a motor vehicle who willfully fails or refuses to bring the vehicle to a stop, or who otherwise flees or attempts to elude, in any manner, a pursuing police vehicle or peace officer, when given a visual or audible signal to bring the vehicle to a stop, is guilty of a class A misdemeanor. A signal complies with this section if the signal is perceptible to the driver and:

"1. If given from a vehicle, the signal is given by hand, voice, emergency light, or siren, and the stopping vehicle is appropriately marked showing it to be an official police vehicle; or

"2. If not given from a vehicle, the signal is given by hand, voice, emergency light, or siren, and the officer is in uniform and prominently displays the officer's badge of office."

Although not directly raised below, Pollack's counsel on appeal[1] argues that Pollack did not violate this statute because it pertains to fleeing in a motor vehicle and does not apply to a driver fleeing on foot. The State responds that the language "or who otherwise flees or attempts to elude, in any manner" is broad enough to include a situation where a driver flees on foot after being stopped by a peace officer.

As originally enacted in 1975, Section 39–10–71, N.D.C.C., did not include the phrase "in any manner." 1975 N.D.Sess. Laws ch. 348, § 12. The Legislature added that phrase in 1987 N.D.Sess. Laws ch. 475, § 1 "to broaden the law to include a driver who flees on foot as well as in his vehicle." January 15, 1987, Minutes of House Transportation Committee and attached Testimony submitted by Brian C. Berg, Superintendent of State Highway Patrol, regard-

---

1. Pollack's counsel on appeal is different from his trial counsel.

ing House Bill 1089. We therefore conclude that Section 39–10–71, N.D.C.C., applies to a driver of a motor vehicle fleeing from a peace officer on foot.

Pollack alternatively argues that even if the statute applies to a driver of a motor vehicle fleeing on foot, the evidence presented at trial was insufficient to support the jury verdict. He contends that he was not arrested at the scene and that he "simply walked away from Officer Schaible [and h]er testimony indicates that she did not request [him] to stop nor did she pursue him in any way."

■ Our review of sufficiency of the evidence claims in criminal cases is well established. On appeal the defendant must show that the evidence, when viewed in the light most favorable to the verdict, reveals no reasonable inference of guilt. *State v. Frey*, 441 N.W.2d 668 (N.D.1989). We do not substitute our judgment for that of the jury where the evidence is conflicting, if one of the conflicting inferences reasonably tends to prove guilt and fairly warrants a conviction. *State v. Tininenko*, 371 N.W.2d 762 (N.D.1985). It is the function of the jury to weigh the evidence and judge the credibility of witnesses. *Id.* On appeal we assume the jury believed the evidence which supports the verdict and disbelieved any contrary or conflicting evidence. *State v. Manke*, 328 N.W.2d 799 (N.D.1982).

■ Pollack does not dispute that he was driving the vehicle when Schaible signaled him to pull over. Schaible was wearing her uniform and badge, and her police car was appropriately marked. Schaible testified that she told Pollack to get into the police car. According to Schaible, she was escorting Pollack to the police car when he broke away from her grasp and ran away. Although Schaible had not arrested Pollack when he left the scene, did not request him to stop, and did not immediately pursue him, a violation of Section 39–10–71, N.D.C.C., occurs when a driver of a motor vehicle flees on foot after being given a visual or audible signal to bring the vehicle to a stop. When viewed in the light most favorable to the verdict, the evidence established that Schaible initially used the flash-ing lights on her police car to signal Pollack to stop the vehicle and that when she told him to get into the police car, he broke away from her grasp and ran away. We conclude there was sufficient evidence to support the conviction for fleeing or attempting to elude a peace officer under Section 39–10–71, N.D.C.C.

■ Pollack argues that there was insufficient evidence to support the conviction for driving under suspension. The court instructed the jury that in order to convict Pollack, he must have had actual knowledge that his driving privileges had been suspended. See *State v. Knittel*, 308 N.W.2d 379 (N.D.1981). Pollack contends that there was insufficient evidence to establish that he had actual knowledge that his license had been suspended.

Pollack's trial counsel stipulated that Pollack's license was under suspension when he was stopped. Although Pollack argues that his statement to Officer Schaible that "you know I don't have a driver's license" does not "necessarily demonstrate that he had actual knowledge that his driving privileges were suspended" and could "easily be interpreted as meaning that he did not have his driver's license in his possession," it is the function of the jury to interpret and weigh that evidence. Moreover, when that statement is considered with Pollack's action in fleeing the scene after he asked Schaible if she was going to be "hard-nosed about this" an additional inference that Pollack had actual knowledge that his license was suspended exists. We conclude that the evidence, viewed in the light most favorable to the verdict, supports the conviction for driving under suspension.

■ Pollack argues that there was insufficient evidence to support the guilty verdict on the charge of driving under the influence under Section 39–08–01(1)(b), N.D.C.C.

Pollack does not dispute that he was driving the vehicle. The State offered testimony by Gary Hofer, the passenger in the vehicle, that Pollack drank ten to fifteen beers and two to four shots of tequila between 10:00 and 1:00 at a bar in Mott.

The bartender testified that Pollack drank about ten beers and at least five shots of tequila in that period. She further testified that, at 12:00 midnight, she refused to serve Pollack and Hofer any more shots because she felt they had had enough. She testified that they were both staggering and their speech was slurred. She further testified that they both "sort of bounced off the woodwork" when they left the bar. Hofer testified that he was too drunk to drive and that Pollack was "a bit tipsy." Although Pollack left the scene before Schaible administered field sobriety tests and an intoxilyzer or blood test, Schaible testified that she detected the odor of alcohol on Pollack, that he slurred his "L's," that his coordination was impaired, and that she believed he was intoxicated.

■ The results of an intoxilyzer test are not necessary to sustain a conviction under Section 39–08–01(1)(b), N.D.C.C. *State v. Whitney*, 377 N.W.2d 132 (N.D. 1985). Under that subsection, the State must prove that a driver of a motor vehicle on a public highway lacked the clearness of intellect and control that he would otherwise have. *Id.* We conclude that there was ample evidence presented at trial, viewed in the light most favorable to the verdict, to sustain the conviction for driving under the influence in violation of Section 39–08–01(1)(b), N.D.C.C.

■ Pollack finally contends that he received ineffective assistance of counsel at trial. He argues that trial counsel was constitutionally defective in stipulating that Pollack's license was suspended and in failing to inform the court that two jurors may have overheard a conference between him and his counsel.

In *State v. Ricehill*, 415 N.W.2d 481 (N.D.1987), we outlined the standard for establishing claims of ineffective assistance of counsel. Generally, those claims are most effectively presented in post-conviction relief proceedings. *Id.* We said that we will consider claims of ineffective assistance of counsel on direct appeal only if the record affirmatively shows ineffectiveness of constitutional dimensions or if the

parties stipulate that the record is adequate to determine the issue. *Id.*

In this case there is no stipulation by the parties that the record is adequate to determine the issue, and we are unable to conclude from the record that Pollack's trial counsel was constitutionally ineffective. We therefore decline to address this issue. Pollack may raise this issue at an appropriate proceeding for post-conviction relief.

The judgments of conviction are affirmed.

ERICKSTAD, C.J., and GIERKE and MESCHKE, JJ., concur.

LEVINE, Justice, dissenting.

Criminal statutes are to be strictly construed in favor of the defendant and against the Government. *City of Bismarck v. Sholy*, 430 N.W.2d 337, 338 (N.D. 1988). An obvious purpose of Section 39–10–71 N.D.C.C. is to discourage car chases. The statute says that any driver who does not stop his vehicle or who otherwise flees or tries to elude, "in any manner", a peace officer, *when told to bring the vehicle to a stop*, is guilty of a Class A Misdemeanor. Defendant here did bring his vehicle to a stop when told to do so and thus did not violate this statute. When we construe a criminal statute, we should hold the legislature to mean what it says, not what it meant to say but didn't. Indeed, even if another construction were reasonable, the benefit of doubt should inure to the defendant. I would reverse.