**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Paul Darrel SYRING, Defendant and Appellant.**

Cr. No. 940105.

Supreme Court of North Dakota.

Nov. 16, 1994.

Allen M. Koppy (argued), State's Atty., Mandan, for plaintiff and appellee.

Jerome C. Kettleson (argued), Pearce & Durick, Bismarck, for defendant and appellant.

NEUMANN, Justice.

Paul Syring appeals from a jury verdict finding him guilty of aggravated reckless driving pursuant to NDCC section 39–08–03. We affirm.

On October 19, 1993, Syring was returning to Minnesota in his tractor/trailer transporting a load of about 95 heifer calves that he had picked up in Seko, Montana. At about midnight, as Syring was approaching Bismarck on Interstate 94, he collided with a partially disabled vehicle that was traveling between 20 and 30 miles per hour in the right lane and shoulder. The collision resulted in injuries to passengers of the car and Syring was subsequently charged with aggravated reckless driving, a class A misdemeanor. NDCC § 39–08–03 (1987).

Syring claims that errors of two different types led to the jury verdict, and those form the basis of his appeal. The alleged errors essentially are: first, there was insufficient evidence to support the jury's verdict, and second, that subsection 39–08–03(2), NDCC, fails to charge a criminal offense. We will address the issues in this order.

I. Insufficiency of the Evidence

■ Syring, in his Motion for a New Trial, alleged error since the evidence was insufficient to support the verdict. Because he raised this issue in his motion for a new trial, he has properly preserved the issue for appeal. *See City of Fargo v. McLaughlin*, 512 N.W.2d 700, 703 (N.D.1994) (stating that "[w]hen a party moves for a new trial, any subsequent appeal by that party is limited to review of grounds presented in the motion to the trial court.").

■ Our standards for reviewing the sufficiency of evidence to support the verdict in criminal cases is well established. On appeal a defendant must show that the evidence, when viewed in a light most favorable to the verdict, establishes no reasonable inference of guilt. *State v. Pollack*, 462 N.W.2d 119, 121 (N.D.1990). We will not substitute our judgment for that of the jury's where the evidence presented conflicts. *Id.* It is the province of the jury to weigh the evidence and judge the credibility of witnesses. *Id.* Therefore, "[o]n appeal we assume the jury believed the evidence which

supports the verdict and disbelieved any contrary or conflicting evidence." *Id.*

■ Testimony at trial reveals that the driver of the disabled vehicle was more than half way onto the shoulder of the road, and an investigation revealed that the tractor/trailer left no skid marks, tending to show the driver took no evasive actions. In addition, the State offered the testimony of an accident reconstruction specialist who concluded that from the time the tractor/trailer crested the hill where he could see the vehicle, until the point of impact, took approximately 51 seconds. The 51 seconds was based on the speed that each vehicle was traveling and is referred to as the closing time. Testimony revealed that Syring would have had 4,873 feet to react to the vehicle's presence from the point of perception to the point of impact. The State's expert also testified that the taillights, which he concluded were burning at the point of impact, were visible for nine-tenths of a mile which is approximately the distance from Syring's point of perception to the point of impact.

When considering this evidence, the evidence most favorable to the verdict, we cannot say that it establishes no reasonable inference of guilt. Surely a jury could have concluded that a driver who can see a vehicle nearly a mile away and who has 51 seconds to react should do just that. We cannot, nor will we, conclude that failure to react in this situation is not reckless driving.

1. NDCC § 39–08–03 provides as follows:

> *Reckless driving—Aggravated reckless driving—Penalty.* Any person is guilty of reckless driving if he drives a vehicle:
> 1. Recklessly in disregard of the rights or safety of others; or
> 2. Without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or the property of another.
> Except as otherwise herein provided, any person violating the provisions of this section is guilty of a class B misdemeanor. Any person who, by reason of reckless driving as herein defined, causes and inflicts injury upon the person of another, is guilty of aggravated reckless driving, and is guilty of a class A misdemeanor.

2. The text of NDCC § 39–08–03 as it existed in *Tjaden* is as follows:

> "Any person shall be guilty of reckless driving if he drives a vehicle upon a highway:

## II. NDCC section 39–08–03 Fails to Charge a Crime

Syring was charged with aggravated reckless driving as defined by subsection 39–08–03(2), NDCC.[1] He relies on two cases in which we have addressed language similar to that contained in this particular subsection: *State v. Hagge*, 211 N.W.2d 395 (N.D.1973), and *State v. Tjaden*, 69 N.W.2d 272 (N.D. 1955). In *Tjaden*, this Court held that the reckless driving statute, as codified in 1943,[2] only sets forth two ways of committing reckless driving rather than three. *Tjaden*, 69 N.W.2d at 281. Basically, this Court concluded that the codifiers had incorrectly separated the phrase, "[w]ithout due caution and circumspection," from the phrase, "[a]t a speed or in a manner to endanger or likely to endanger any person," and that the two phrases together defined the crime of reckless driving. *Id.* at 280, 281. In the instant case it appears that this is almost exactly the same language that was used when charging Syring. We therefore conclude that *Tjaden* not only fails to support Syring's argument, it supports the State's position.

*State v. Hagge*, on the other hand, deals with North Dakota's Care Required in Operating a Motor Vehicle statute currently codified at NDCC section 39–09–01.1.[3] *Hagge*, 211 N.W.2d at 396. In *Hagge* we faced a constitutional void for vagueness challenge to the statute as it then existed. *Id.* at 398.

> "1. Carelessly and heedlessly in willful or wanton disregard of the rights or safety of others;
> "2. Without due caution and circumspection; or
> "3. At a speed or in a manner to endanger or likely to endanger any person." Sec. 39–0803 NDRC 1943.
> *Tjaden*, 69 N.W.2d at 280.

3. NDCC § 39–09–01.1 (1987) provides as follows:

> *Care required in operating vehicle.* Any person driving a vehicle upon a highway shall drive the vehicle in a careful and prudent manner, having due regard to the traffic, surface, and width of the highway and other conditions then existing, and shall give such warnings as are reasonably necessary for safe operation under the circumstances. No person may drive any vehicle upon a highway in a manner to endanger the life, limb, or property of any person.

Syring points out the similarities between North Dakota's current reckless driving statute and the prerevision care required statute.[4] Syring then suggests that since this Court stated that it could conclude that certain language in the original care required statute, when viewed in isolation, might be void for vagueness, we should hold that use of similar language in the reckless driving statute is void for vagueness.[5] *Id.* at 398.

We cannot reach this issue, however. We are barred from addressing the constitutional void for vagueness issue here because Syring moved the trial court for a new trial. Upon reviewing that motion we find that nowhere within it was this issue raised. "When a party moves for a new trial, any subsequent appeal by that party is limited to review of grounds presented in the motion to the trial court." *City of Fargo,* 512 N.W.2d at 703 (citing *State v. Jordheim,* 508 N.W.2d 878, 880–81 (N.D.1993)). The constitutionality of the statute was raised for the first time in the briefs to this Court, and then only summarily mentioned. The depth and the magnitude of constitutional arguments requires those making such challenges either to prepare an adequate and thorough foundation to support their argument, or forego its presentation. *See Southern Valley Grain Dealers Ass'n v. Bd. of County Comm'rs of Richland County,* 257 N.W.2d 425, 434 (N.D. 1977). The mere reference to a statute's constitutionality, with nothing more, does not meet the standard of persuasion required to mount an attack on constitutional grounds. *See City of Bismarck v. Uhden,* 513 N.W.2d 373, 377 n. 5 (N.D.1994). We therefore cannot reach the issue of the constitutionality of NDCC subsection 39–08–03(2).

Affirmed.

VANDE WALLE, C.J., and SANDSTROM, J., concur.

MESCHKE, J., concurs and dissents in which LEVINE, J., joins.

MESCHKE, Justice, concurring and dissenting.

I agree with the majority that we cannot consider the constitutionality of this reckless driving statute, NDCC 39–08–03(2). Still, I reckon the appellant raised this new constitutional question on appeal for another purpose—to focus our attention on the separate elements of the subsection 2 offense.

This offense has two elements: "Without due caution and circumspection," or negligence, and "at a speed or in a manner so as to endanger or be likely to endanger any person or the property of another," or reckless conduct. NDCC 39–08–03(2). Because more than negligence is required and the evidence here only proves negligence, I respectfully dissent.

While the trial court gave an added instruction defining "recklessly," *State v. Kreiger,* 138 N.W.2d 597, 600 (N.D.1965), clarifies that "a driver need not be proved guilty under both subsections." Yet, I see small difference between the reckless conduct element in subsection 1, "disregard of the ... safety of others," and the recklessness in subsection 2, "at a speed or in a manner ... likely to endanger any person." I believe the endangerment element defines a degree of culpability significantly greater than the ordinary negligence element, "without due caution." After all, a basic rule of statutory interpretation is that a statute be construed to give meaning to every word, phrase, and clause. *See* NDCC 1–02–38(2). For these reasons, I cannot accept the prosecution's argument here that subsection 2 "es-

4. The language we addressed in *Hagge* was the last sentence of the prerevision care required statute which provided that " '[n]o person shall drive any vehicle upon a highway in a manner to endanger the life, limb, or property of any person.' " *Hagge,* 211 N.W.2d at 396 (quoting NDCC § 39–09–01). When addressing this language, this Court concluded that "[o]f course, if we were to construe the last sentence of the statute alone, without reference to what precedes it, we could hold that this sentence standing

alone is unconstitutional." *Hagge,* 211 N.W.2d at 398.

5. We are uncomfortable when striving to differentiate between the conduct that is proscribed by NDCC § 39–09–01.1, which is not a criminal offense, and the conduct proscribed by NDCC § 39–08–03 which provides for the imposition of criminal sanctions. This issue, however, is not properly before us here; we are prevented from reaching it.

sentially contemplates a category of reckless driving that does not envision the consciously culpable." Because the prosecution ignored the culpability requirement in subsection 2, it did not prove an offense in this case.

The majority opinion concludes the evidence was sufficient to convict Syring because "a driver who can see a vehicle nearly a mile away and who has 51 seconds to react should do just that." I agree that conduct proves negligence, but not the recklessness of endangerment. That evidence could convict Syring of driving without the care required, or negligently, under NDCC 39–09–01. But a violation of that section is a minor infraction, not a class B misdemeanor like a charge under NDCC 39–08–03, or a class A misdemeanor when aggravated by an actual injury, like the charge against Syring here.

In my opinion, there was no evidence of endangerment, that is, "in a manner … likely to endanger." Ordinary negligence does not prove the "endangering" element of this reckless driving offense. It is well established that something more is mandated. See Annot., *What amounts to reckless driving of motor vehicle within statute making such a criminal offense*, 52 ALR2d 1337, 1341–42 (1957) ("as a general rule something more than mere negligence in the operation of an automobile is necessary to constitute the offense"); § 15 ("Endangering the public"), at p. 1359; and § 24 ("The mere occurrence of an accident does not give rise to an inference of reckless driving."), at 1367. See also 7A AmJur2d *Automobiles and Highway Traffic* § 314 (1980) ("The general rule is that something more than mere negligence in the operation of a motor vehicle is necessary to constitute the offense of reckless driving, and a willful disregard of the consequences is required."). In this record, there is no evidence that Syring was driving at a speed or in a manner likely to endanger others.

Syring was driving within the speed limit of sixty-five for an interstate, high-speed highway, in the right lane on a clear night on October 20, 1993, just after midnight. Less than a mile after coming over a hilltop, along a long, downhill curve to the left, Syring suddenly came upon a partially disabled car that was "trudging along" in the right-hand lane, not on the shoulder, at about 25 miles per hour. The car was slow-moving because the driver had discovered three lug bolts on one wheel had broken off, and the car vibrated at normal speeds.

There are "[m]inimum speed limits": "No person may drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law." NDCC 39–09–09(1). Coming upon an unexpectedly slow-moving vehicle at night, while proceeding at a legal speed and in the usual manner on a long curve on a high-speed highway, cannot be reckless driving.

Precedent supports this conclusion. See *State v. Jacobsmeier*, 229 Iowa 878, 294 N.W. 920, 921 (1940) (reversing where the evidence was insufficient for a conviction of reckless driving; "[b]ecause of the turn the headlights did not shine upon these pedestrians for any appreciable time immediately before [the pedestrian victim] was struck, …"). See also 7A AmJur2d *Automobiles and Highway Traffic* § 315 (1980), on "Endangering person or property," ("If the element of the offense is endangering the life or limb of any person 'in the lawful use of the street or highway', the statute is not violated by endangering one who at the time was unlawfully using the highway."). Considering Syring's normal speed and manner for an interstate highway, and the unexpectedly slow-moving car, I see no evidence of driving in a manner likely to endanger the public.

Because I believe the evidence here was insufficient to warrant a conviction, I would reverse the conviction.

LEVINE, J., joins.