**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Ronald ZURMILLER, Defendant and Appellant.**

**Cr. No. 950188.**

Supreme Court of North Dakota.

Feb. 28, 1996.

---

John E. Greenwood, State's Attorney, Jamestown, for plaintiff and appellee.

William A. Mackenzie of Mackenzie & Reisnour, Jamestown, for defendant and appellant.

SANDSTROM, Justice.

Shortly after the district court ordered Ronald Zurmiller not to have any contact with his children and former wife, he drove to Streeter, North Dakota, attempting to see them. He went to the school the children attend, but was not able to see them. He then tracked his former wife to her office and attempted to open the office door. He was charged with and convicted of violating a protection order for his actions. Ronald Zurmiller appeals from the conviction.

We affirm.

I

On February 8, 1995, the district court for Stutsman County granted Arlene Zurmiller a protection order against Ronald Zurmiller. The order stated Ronald Zurmiller was "restrained from threatening, molesting, harassing, or injuring the petitioner and the petitioner's children in any manner. There shall be no contact of any kind."

The parties were divorced on March 23, 1995.

On April 3, 1995, Ronald Zurmiller traveled to Streeter, North Dakota, where his children attend school. Although he did not see or contact his children, he testified he tried to see them through the window at the school. Two witnesses testified they saw Ronald in the school near his children's classrooms.

Arlene Zurmiller testified she saw Ronald Zurmiller at about 12:45 p.m. at the Streeter Senior Citizen's Center. She testified they "walked by each other." When she saw him, she got her coat and left for the city hall, where she worked. At the city hall, she locked herself in her office. She looked out the window and saw him park his car a short distance from the door to her office. She called the sheriff's department while Ronald Zurmiller came up the stairs and tried to open the door to her office. Ronald Zurmiller testified he assumed she was at the city hall because her van was parked outside. He also testified that all he intended to do was look at her. Although she could not see him, Arlene Zurmiller testified he came back to the door about three times, and she hid under her desk because she was so afraid. Arlene Zurmiller testified she called the sheriff's department to update them on the situation every time Ronald Zurmiller came back to her door.

Ronald Zurmiller testified he "just stopped the one time and walked up to the steps there and the door was locked and I left." The evidence suggests he was to begin serving a jail sentence later that day.

A criminal complaint alleging Ronald Zurmiller's violation of the protection order was filed on April 7, 1995. The case was tried on July 13, 1995. Ronald Zurmiller was trans-

ported from the Missouri River Correctional Center to attend the trial on that day. At the conclusion of the bench trial, the court found him guilty of violating the protection order, a class A misdemeanor, stating, "I really got to wonder what would have happened had the door been opened. You say you just wanted to look at her, and I am sure that's just what you wanted to do, but you also probably wanted her [to forgive you] and when she didn't do that, when she didn't react to your priorities, I think you could have hurt her very badly."

Ronald Zurmiller appeals from the district court judgment.

The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 27–05–06(1). The appeal from the district court was filed in a timely manner under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. §§ 29–01–12, –28–06.

## II

■ Ronald Zurmiller contends the trial court's finding he violated the protection order when he "harassed" Arlene Zurmiller or the children is clearly erroneous because the statute under which the protection order was issued does not list "harassment" as prohibited conduct.

■ We review the district court's findings of fact concerning Ronald Zurmiller's actions in this matter. We review factual findings under the clearly erroneous standard. *Lange v. State,* 522 N.W.2d 179, 181 (N.D.1994); *see, e.g., State v. Monson,* 518 N.W.2d 171, 173 (N.D.1994) (reviewing a violation of a probation order under the clearly erroneous standard). A finding of fact is clearly erroneous if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction the trial court made a mistake. *Porth v. Glasoe,* 522 N.W.2d 439, 445 (N.D.1994). All conditions of a protection order should be clear, so the person knows exactly what is expected. *See Monson* at 173. Our review of the sufficiency of evidence in a criminal conviction is limited. *State v. Torres,* 529 N.W.2d 853, 855 (N.D.

1995). We do not reweigh evidence, or judge the credibility of witnesses. *Torres.* The defendant has the burden of showing "the evidence, when viewed in a light most favorable to the verdict, establishes no reasonable inference of guilt." *Torres* (quoting *State v. Syring,* 524 N.W.2d 97, 98 (N.D.1994)).

The protection order says Ronald Zurmiller is "restrained from threatening, molesting, harassing, or injuring the petitioner and the petitioner's children in any manner. There shall be no contact of any kind." N.D.C.C. § 14–07.1–02, the statute under which the protection order was issued, allows the district court to issue a protection order "[r]estraining any party from threatening, molesting, injuring, or having contact with any other person." Both the statute and the district court's order in this case explicitly restrain Ronald Zurmiller from "contact" with Arlene Zurmiller or her children.

Although the statute does not define "contact," we recently defined it in *Monson* as "[t]he coming together or touching of two objects" or "[t]he state of being in communication." *Monson* at 173 (citing the American Heritage Dictionary 315 (2d College ed.1985)).

Denying the defendant's motion for judgment of acquittal, the district court ruled Ronald Zurmiller's actions satisfied the element of contact. Whatever his intentions, when he followed Arlene Zurmiller to city hall and, by his own admission, attempted to open the door, he "communicated" with her. His actions and the sounds he made communicated that he was trying to get to her. Communication, under the common definition of "contact," violates the protection order.

We have recognized that in some situations the mere presence of the offender is sufficient to cause such emotional stress as to adversely affect the safety, security, or privacy of the victim, especially where there has been previous physical or emotional abuse. *Williams v. Spilovoy,* 536 N.W.2d 383, 385 (N.D.1995). The issuance of protection orders might well be "justified" in these cases. Protection orders may also be violated by mere presence in such cases. *See Williams; State v. Hills,* 574 A.2d 1357 (Me.1990) (finding although the defendant neither talked to

nor came into actual physical contact with the plaintiff, his mere appearance in certain work areas could be considered a violation of a protection order).

We note Ronald Zurmiller does not contend he did not know his actions would violate the protection order. Further, this is not a case where the defendant attended several events at a location he thought was permissible under the order. *See Monson* at 174. Ronald Zurmiller is hard pressed to argue he did not realize his actions of tracking Arlene Zurmiller and attempting to open her office door would violate the protection order. The protection order clearly proscribes Ronald Zurmiller's actions.

Ronald Zurmiller has not shown the district court's finding is clearly erroneous.

### III

The judgment of the district court is affirmed.

VANDE WALLE, C.J., and NEUMANN and MESCHKE, JJ.

LEVINE, Justice, concurring.

Just as a pattern of domestic violence is one means of exercising control and domination over a household partner, so is stalking, harassing or threatening an ex-spouse. Here, Zurmiller was unambiguously instructed by the protection order not to do any of the above. He was also forbidden to contact his former spouse. In my view, it would not have been clear error for the fact finder to find Zurmiller violated the protection order with regard to any or all categories of the prohibited conduct. Zurmiller is no Monson. *See State v. Monson*, 518 N.W.2d 171 (N.D. 1994).

I therefore concur in the affirmance of the conviction.